UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ODRECUS RYZAN CLEMENTS,

        Petitioner,                     CASE NO. 08-CV-14270

v.                                       JUDGE PAUL D. BORMAN
                                         UNITED STATES DISTRICT JUDGE
CAROL HOWES,

        Respondent.
_____/

## ORDER GRANTING MOTION FOR LEAVE TO AMEND HABEAS PETITION

Pending before the Court is Michigan prisoner Odrecus Ryzan Clements's (Petitioner's) Motion for Leave to Amend his Habeas Petition, filed along with an attached Memorandum of Law. The Motion was filed on February 14, 2011, after Respondent already filed a responsive pleading. For the reasons stated, the Court GRANTS the Motion.

Petitioner is currently incarcerated by the Michigan Department of Corrections at the Central Michigan Correctional Facility in St. Louis, Michigan. On October 7, 2008, he filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2006 conviction for unarmed robbery, following a jury trial in the Genesee County Circuit Court. Petitioner was sentenced as a habitual offender, fourth offense, to nine years, six months to twenty-five years in prison for that conviction. In his habeas pleadings, he raises claims concerning his sentencing, the prosecutor's failure to provide discovery, the jury instructions, and the effectiveness of trial counsel.

In his Motion to Amend, Petitioner is seeking permission to amend his original Habeas Petition with respect to his sentencing claim, because the "issue was not fully briefed" in his Reply Brief, which was filed with the Court on May 14, 2009. He claims that he is entitled to resentencing

because the "sentencing court failed to properly resolve the challenges to the accuracy of the information in the presentence report" with respect to the number of victims that were placed in danger. He does not seek to add new claims or parties.

Section 2242 provides that a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. The applicable civil rule, Federal Rule of Civil Procedure 15(a), states that where, as here, a responsive pleading has been filed, a party may amend its pleading "only with the opposing party's written consent, or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).

The Sixth Circuit has identified the following factors a court should consider in deciding whether to permit an amendment:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (citations omitted). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted).

Petitioner's Motion was filed almost two years after he filed his Reply Brief. However, Respondent has not filed any briefs opposing the Motion, and therefore, she has not argued that she would be prejudiced by allowing the Amendment. The Court sees no basis for finding that the Warden would be prejudiced by allowing the Amendment. Further, the Court finds that the delay

2

is not a sufficient reason for denying the Motion. Nor is it the result of bad faith. *See Wiedbrauk v. Lavigne*, 174 F. App'x 993, 1000 (6th Cir. 2006).

Thus, considering the relevant factors set forth by the Sixth Circuit, the Court finds that granting Petitioner's request is appropriate in this case. Petitioner's Motion is granted, and the Memorandum of Law, attached to Petitioner's Motion, is deemed to include the arguments stated in his Motion.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Leave to Amend Habeas Petition" [Dkt. # 14] is **GRANTED** and the proposed Memorandum of Law, attached to his Motion, is accepted as filed.

**SO ORDERED.**

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 9-23-11